Sherman, S.
—The surrogate is asked to give construction to the first clause of testators’s will, which reads ás follows: ‘ ‘ First. I give and bequeath to my beloved wife Eliza Thorpe, the use of all my estate, real and personal * * *■ during her natural fife, and out of said property I desire that my said wife shall support and maintain * * * my aged brother William Thorpe.”
The only question submitted is whether the testator intended by his will to charge the support of his aged brother William Thorpe, to the use of his property, as devised to-his wife during her life, or to charge his property generally with such support. '
In examining this question, with the view of ascertaining the true intention of the testator, it is important to consider the provisions of the will as a whole, the amount of his property and the bequests to other beneficiaries.
*705 The second clause of the will provides: “In case my said brother William Thorpe shall survive my said wife, I will and devise that he shall have his support out of my said estate so long as he shall live.
By subsequent clauses in his will he bequeathed to his three sons, sixty dollars; to four grand-daughters, $200, all payable after the death of his wife; and then by the eighth clause of his will disposed of the balance of his property as follows:
" And as touching all the rest, residue and remainder of my estate, .not hereinbefore disposed of * * * I give and devise to my two grand-sons, Horace 0. and Elmer E. Seeley, * * * share and share alike, they to have the same after the decease of my said wife, reserving therefrom, the support of my aged brother, William Thorpe, if he shall survive my said wife, so long as he shall live.”
The executor’s will bears date November 1, 1879; he died June 3, 1881; his will was probated July, 31, 1881, by which he appointed Francis J. Houghton his executor, who duly qualified; his widow, Eliza Thorpe, died July 4, 1887, and his said brother, William Thorpe, died October 16, 1887, of the age of nearly seventy-nine years, and had been a member of the testator’s family, being unmarried, during over forty years prior to his death.
The testator at the time of making his will in November, 1879, and at his death in June, 1881, owned an improved farm of ninety-two acres, of the value of about $2,000, and personal property consisting of stock and farming utensils of the value of about $1,050. A part of such personal property remained on the farm in the care and use of the widow until her death on July 4, 1887, and such of same as was not so used, and the increase thereof remaining on the farm at the death of William Thorpe in October, 1887, including that previously taken away in 1883 and 1885 by the residuary legatees, Horace 0. and Elmer E. Seeley, of the. value of $556.25, and charged to them by the executor, as a part of their distributive shares in the estate, was of the value of about $900.
The account shows a claim of Albert Thorpe, son of the testator, for $462.60, for the support of William Thorpe, from March 10, 1885, to the death of Eliza Thorpe, July 4, 1887. This claim has been allowed by the executor, but not paid, and there is not personal property in the hands of the executor to pay same, most of the personal property of the estate, having as before stated-, been taken and used by the the residuary legatees and charged to them in the executor’s account.
The material question arises whether this claim of *706 Albert Thorpe of $462.66, for the support of the aged and invalid brother of the testator, is under the will a charge upon the estate generally.
The testator was evidently quite solicitous to provide in his will for the support of this invalid brother, and provided for same in three separate clauses of his will, being the first, second and eighth clauses thereof. The support was to be during natural life. The money legacies of $260 were to be paid upon the death of his wife, Eliza Thorpe. His wife’s support was provided for solely from the use of the small farm and the personal property, consisting of stock and 'farming utensils on the farm, hardly equal in value to her dower right and distributive share by law in the estate. His burial expenses and expenses of administration were to be paid from the personal property also. .
But, it is claimed, that independent of ocher clauses in the will, the words, “out of said property,” as used in the first clause, clearly mean out of his “estate, real and personal,” before mentioned in the same clause and not exclusively out of the use of it. If the testator intended that the support of his brother William should have been paid out of the use devised to his wife, he should have said so in his will; this he has not done, but, in express terms, appears to have made such support payable out of his estate generally.
I am, therefore, clearly of the opinion that the testator intended, by his will, to charge his estate generally with the support of his invalid brother, and not solely to the use of same as devised to his wife.
Another question arises as to' whether the testator intended, by the first clause of his will, to limit “the use ” of his property, especially the personal estate, to its increase, keeping its corpus intact, or to give to his wife Eliza the right to use so much of it as might be necessary, beyond her own support, to the support of William Thorpe. That the latter was his intention is quite evident from the provisions of the second and third clauses of his will. The residuary legatees have in their hands personal property of the estate of the value of over $556.25, taken from the farm by them during the life of Eliza Thorpe in 1883 and 1885, being more than sufficient to pay this claim of $462.66 for support of William. The funeral expenses have been paid, and also all claims of creditors, except the above of $462.66. This charge of $462.66 was all for the support of William prior to the death of Eliza, and the money legacies were not to be paid until after her death, and are, of course, subject to the payment of the prior claim for the support of William.
Another question, not raised by the learned counsel for *707 the residuary legatees, upon the construction of this will, is whether the language used by the testator in the first clause thereof “ and out of said property I desire that my said wife shall support and maintain my aged brother, Wil,liam Thorpe,” is sufficient to create a legal charge or trust on his estate, or upon the use of any part thereof. Were these words, “I desire,” used simply as expressing a wish, or were they used in a mandatory sense, equivalent to the words, I will ? ” In determining this question the whole context of the will is to be considered, under the well established legal rule in construing wills, in order to arrive at the true intention of the testator. It would seem to be perfectly evident, from the facts above stated, that the testator intended by his will to provide for the support of his brother, William, during the life of Eliza Thorpe, as well as after her death, and to charge his estate or some portion thereof therewith.
In Parsons v. Best (Sup. Ct. [1 T. & C.], 212), the court say: ‘' It is very clear that the draftsman of this will was unskilled in the department of transferring estates, from the use of the terms he has employed; this fact is-ever to be considered in giving wills construction. In wills especially above all other instruments, the intent of the testator, when it can be ascertained, is the controlling rule by which to" interpret them.”
Hone v. Kent, 11 Barb., 315; Foose v. Whitmore, 82 N. Y., 406; 1 Jarman on Wills, 342; Williams v. Williams, 1 Sim. N. S., 358; Meredith v. Heneage, 1 Sim., 550; Wall v. Langlands, 14 East., 370; Jackson v. Housel, 17 J. R., 281; Ward v. Ward, 105 N. Y., 73.